**DAYTON FOOD FAIR STORES, INC.,**
**Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**No. 18023.**

United States Court of Appeals
Sixth Circuit.

Aug. 2, 1968.

Rehearing Denied Oct. 3, 1968.

**154**

Jerome Goldman, Cincinnati, Ohio, for petitioner, Goldman, Cole & Putnick, Paul H. Tobias, Cincinnati, Ohio, on the brief.

Thomas E. Silfen, Atty., National Labor Relations Board, Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Michael N. Sohn, Atty., National Labor Relations Board, Washington, D. C., on the brief.

Before EDWARDS, PECK and COMBS, Circuit Judges.

PER CURIAM.

The petitioner, Dayton Food Fair Stores, Inc., seeks to have an order of the National Labor Relations Board set aside, and the Board cross-petitions for enforcement. The Board found that Food Fair violated Section 8(a) (1) of the Act by threatening reprisals for participation in union activities and by leading employees to believe that in the event of an economic strike they could be automatically discharged.

The alleged unfair labor practices occurred during a union organization campaign at Food Fair's retail grocery store in Trotwood, Ohio. The first incident grew out of statements made by the assistant store manager, John Davis, to an employee who was active in the organizing campaign. Davis asked the employee, Ronnie Lee, how the organization campaign was going and told Lee to watch his step because the company knew of his activity. Davis later told Lee that another employee was to be fired because of that employee's union activity. There was, however, no such firing. Davis and Lee were friends and Davis was highly sympathetic to the union campaign. The tone of these remarks was not coercive, but rather they were uttered as if by one conspirator to another.

Food Fair argued that Davis was not a supervisor and, even if he was, the statements did not amount to an unfair labor practice. Under our view of the case it is unnecessary to reach the supervisor question. Assuming arguendo that Davis was a supervisor, we find that his remarks cannot be attributed to Food Fair so as to constitute a Section 8(a) (1) violation. The remarks were made on Davis's own initiative, without the knowledge or consent of Food Fair. At most, they were hearsay evidence of the company's attitude, made by one sympathetic to the union campaign. The test in such a case would appear to be whether Lee had just cause to think Davis was acting for and on behalf of Food Fair. N. L. R. B. v. Texas Independent Oil Co., 232 F.2d 447 (9th Cir. 1956). We find no substantial evidence or logical inference to support such a finding.

The second alleged unfair labor practice charge grew out of statements in a leaflet distributed in the store and in two campaign letters sent by Food Fair to its employees. It was stated in the leaflet and in a cover letter that, in the event of an economic strike, "every employee who leaves his or her job can be fired at once and permanently replaced."

The company's statement of the law is incorrect. While it is clear that an employer may permanently replace economic strikers, he may not fire a striking employee unless a permanent replacement has been employed. N. L. R. B. v. Fleetwood Trailer Co., 389 U.S. 375, 88 S.Ct. 543, 19 L.Ed.2d 614 (1967); National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381 (1938). Following an economic strike, employees are entitled to return to their jobs unless "legitimate and substantial business justifications" dictate otherwise. N. L. R. B. v. Great Dane Trailers, 388 U.S. 26, 34, 87 S.Ct. 1792, 18 L.Ed.2d 1027 (1967). The clear import of the company's letter is that if employees par-

ticipated in a strike their jobs would be automatically terminated.

Enforcement of the Board's order is granted insofar as it applies to the campaign letter, but enforcement is denied in respect to the allegedly coercive statements of the assistant store manager, Davis.